## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **V. DARRELL STARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** 2:17-CV-02836 |
| | ) | |
| **ARKEMA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, VERNON DARRELL STARNES, by and through his undersigned counsel, and files this Complaint against Defendant, ARKEMA, INC. making claims under Section 510 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140 ("ERISA"), and the Tennessee Human Rights Act, T.C.A. 4-21-101 *et seq.* ("THRA"), stating as follows:

## PARTIES

1.      Plaintiff is a citizen of Tennessee and resides at 200 W. Woodlawn Ave, Brighton, Tipton County, Tennessee 38011.

2.      Defendant, Arkema, Inc., is a foreign corporation doing business in the State of Tennessee, and maintains a Plant at 2571 Fite Rd., Memphis, Shelby County, Tennessee.

3.      At all relevant times, Defendant was acting through its agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

**JURISDICTION AND VENUE**

4.     Plaintiff asserts claims herein pursuant to ER1SA and the Tennessee Human Rights Act (THRA).

5.     This Court has subject matter jurisdiction over Plaintiff's claims under ERISA pursuant to 28 U.S.C. § 1331 because the claim arises under the laws of the United States.

6.     This Court has supplemental jurisdiction over Plaintiff's claims under the THRA pursuant to 28 U.S.C. § 1367.

7.     At all relevant times, prior to Plaintiff's unlawful employment termination on November 14, 2016, Plaintiff was an employee of Defendant, performing work in Defendant's plant at 2571 Fite Rd, Memphis, TN 38127 ("Memphis plant").

8.     Venue is appropriate in the U.S. District Court for the Western District of Tennessee pursuant to 28 U.S.C. 1391(b) because Defendant employed Plaintiff in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

**FACTS**

9.     Arkema's Memphis plant produces hydrogen peroxide and currently employs approximately fifty-seven employees as of 2016. At the time of Plaintiff's termination he was one of four maintenance mechanics at the Memphis plant and was charged with keeping the plant's equipment in working order. Of the maintenance mechanics, Plaintiff, at the age of seventy-four, was the oldest mechanic, as well as the mechanic with the highest seniority. Plaintiff's seniority dated back to when he was first hired at the Memphis plant in December of 1964.

10.     Plaintiff began working for Arkema's Memphis plant in 1998 after Arkema purchased the facility from DuPont, however, he began working at the Memphis plant on December 28, 1964, when he was a young man of twenty-two. Plaintiff gave thirty-three years of service to DuPont before its Memphis plant was acquired by Arkema. On the day of his termination, November 14, 2016, he had worked at the Memphis plant for approximately fifty-one years and ten months. Prior to this incident, Plaintiff has only received one minor disciplinary action in his nineteen years with Arkema.

11.     On November 14, 2016, Plaintiff was terminated after working at the Memphis plant for almost fifty-two years.

12.     Prior to Plaintiff's termination, his wife was undergoing treatment for an on-going battle with cancer.  Plaintiff's supervisors knew of her condition since Plaintiff notified Arkema that he was using his yearly vacation leave, of which he had six weeks, to take his wife to her treatments and doctors' appointments. Plaintiff, however, having already worked ten years after what the Defendant called his "normal retirement date of November 1, 2007," was prepared and willing to working for as long as possible in order to get his wife the treatment she needed. Superintendent Wally Starnes once asked Plaintiff: "Pops, how long do you think you might stay working here?" Plaintiff told him: "I don't know. As long as I can work and do the job because I've got to take care of my wife, who needs the insurance coverage."

13.     Also, in the year before Plaintiff was terminated, Donna Bell, the Regional Human Resources Manager, commented to Plaintiff: "I guess it won't be a whole lot longer before you retire." In response Plaintiff told her: "I will keep working here as long as my health permits and I can do the job. My wife needs me to keep working for the insurance due to her health problems."

14.   Prior to his termination, Arkema's self-insured health plan covered the expenses of Mrs. Starnes' treatments, physicians, and medications.

15.   In the November 14th termination letter, Arkema stated that Plaintiff's termination was due to the "results of an investigation conducted surrounding the October 18, 2016 incident in which you engaged in gross misconduct…you were currently under a written contract for attendance… and you then entered into a verbal altercation with another employee before the investigation could conclude."

16.   October 18, 2016, was the date the Plaintiff entered his supervisor's office and picked up a pair of work gloves which were needed during his employment for Arkema. The gloves never left the Memphis plant. Almost two weeks later, Defendant instituted an investigation.

17.   There is no policy Plaintiff is alleged to have violated by doing what he did; nor is there any allegation that he did anything more than just get the gloves he needed to continue performing his job, which was for the benefit of the company.

18.   Plaintiff was not "under a written contract for attendance" as alleged in the termination letter.

19.    Plaintiff's absences were due to taking time off to take his wife to doctor's appointments, medical tests or treatments. More importantly, those absences were all taken as part of the six weeks of vacation days he had available each year.

20.   The verbal altercation with another employee referenced in the November 14th termination letter occurred on November 2, 2016, when a fellow employee, Rusty Rucker, threatened and assaulted the Plaintiff in front of several other employees, managers, and supervisors. The production manager watched the altercation and did not intervene on behalf of

Plaintiff. Finally, the safety manager jumped in front of Plaintiff which allowed him to safely exit the room. Mr. Rucker had previously been reprimanded for threatening another employee. Arkema, rather than terminating Mr. Rucker for the incident, like it did Plaintiff, only gave Mr. Rucker a second reprimand for threatening employees and ordered him to attend anger management.

21.     As a result of the termination, the Plaintiff has suffered not only a major loss of pay and benefits, but also mental distress, humiliation and embarrassment, and loss of enjoyment of life. His suffering will only continue as he tries to find a comparable job within commuting distance of his home. His challenge to find a comparable position will not only be aggravated by the fact that he is seventy-four years old but also by the fact he will have difficulty explaining to prospective employers why, after working at the Memphis plant for almost fifty-two years, he was terminated.

## COUNT I

## VIOLATION OF ERISA

22.     Plaintiff hereby incorporates paragraphs one (1) through twenty-one (21) of this Complaint by reference.

23.     At all relevant times during Plaintiff's employment with Defendant, Defendant had a health insurance plan, under which eligible employees and dependents were covered.

24.     Upon Information and belief, Defendant's health insurance plan was funded by Defendant and not by a third-party insurance company.

25.     Plaintiff participated in Arkema's group medical insurance plan which is an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1). Arkema is an "employer" as

defined by 29 U.S.C. §1002(5). Plaintiff and his spouse are "participants" as defined by 29 U.S.C. §1002(7).

26.     Prior to Defendant's termination of Plaintiff on or around November 14, 2016, Plaintiff's spouse had a history of medical treatments which had resulted in significant medical bills.

27.     As a result of these significant medical treatments and as a result of Plaintiff's spouse being covered under Defendant's self-insured health insurance plan, Defendant incurred significant expenses relating to Plaintiff's spouse's medical treatments prior to Defendant's termination of Plaintiff on or about November 14, 2016.

28.     In violation of ERISA, 29 U.S.C. §1140, Defendant terminated Plaintiff's employment because he exercised his right to participate in the employer's group health insurance and Defendant anticipated that it would incur significant future expense as a result of continuing group health coverage on Plaintiff's spouse due to her cancer treatments.

29.     Defendant, arbitrarily and capriciously, terminated Plaintiff to preclude his spouse from continuing to participate in the group health plan in violation of ERISA, 29 U.S.C. §1140.

30.     As a direct result of Defendant's violation of ERISA, Plaintiff is entitled to make whole relief and appropriate equitable relief, without limitation, lost wages, with interest, benefits owed to Plaintiff, reinstatement or front pay, and any and all other damages or relief to which Plaintiff is entitled.

## COUNT II

## VIOLATIONS OF THE TENNESSEE HUMAN RIGHTS ACT

31.     Plaintiff hereby incorporates paragraphs one (1) through twenty-one (21) of this Complaint by reference.

32.     The conduct described herein constitutes unlawful age discrimination on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq*.

33.     Defendant is a "person" as defined by the Tennessee Human Rights Act.

34.     Plaintiff avers that the reasons given for his termination are not the true reasons, but a mere pretext for discrimination based on his age.

35.     Defendant's decision to terminate Plaintiff and treat him less favorably than his younger counterparts resulted from knowing and intentional age discrimination in violation of the Tennessee Human Rights Act.

36.     As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer loss of pay and benefits, mental distress, humiliation, embarrassment, and the loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

a.     That the Court find that the Defendant terminated the Plaintiff because he exercised the opportunity to have his wife covered under the Defendant's self-insured health insurance plan in violation of ERISA;

b.     That the Court find that Defendant discriminated against Plaintiff based on his age in violation of the THRA;

c.     That the Court order Defendant to reinstate Plaintiff to his former full-time position or a comparable position, with full seniority and benefits or, in lieu of such reinstatement, order front pay and benefits until his reinstatement to a comparable full-time position;

d.       That Plaintiff be awarded back pay, with interest, compensatory damages, benefits, and all other amounts which the Court deems proper under the Tennessee Humans Rights Act;

e.       That Plaintiff be awarded back pay, front pay, compensatory damages, benefits, interest, and all other amounts which the Court deems proper pursuant to ERISA, 29 U.S.C. § 1132 *et seq.*;

f.       That Plaintiff be awarded compensatory damages for mental distress, humiliation, and loss of enjoyment of life, as well as reimbursement for all medical expenses that would have been covered by Defendant's insurance plan and all medical insurance premiums paid by the Plaintiff if he had not been terminated.

g.       That Plaintiff be awarded all attorney fees, expenses and costs;

h.       That Plaintiff be awarded all other relief this Court deems proper.

Respectfully submitted,

BY:   /s/ Dan Norwood
      DAN NORWOOD
      *Attorney for Plaintiff*
      Norwood & Atchley
      254 Court Avenue, Suite 101
      Memphis, TN 38103
      Tel: (901) 528-8300
      Fax: (901) 529-9101
      dannorwood@nhalaw.com


BY:    /s/ Nicholas Tominello
       NICHOLAS TOMINELLO
       *Attorney for Plaintiff*
       Norwood & Atchley
       254 Court Avenue, Suite 101
       Memphis, TN 38103
       Tel: (901) 528-8300
       Fax: (901) 529-9101
       ntominello@nftlegal.com